UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 46 LABS LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PARLER LLC,<br><br>　　　　　Defendant. | Case No. 2:21-cv-01006-CDS-DJA<br><br><br>**Order Granting Defendant's<br>Motion to Dismiss**<br>**(ECF No. 13)** |

　　　　This case arises out of dueling 'P'-shaped logos between two companies. Plaintiff 46 Labs LLC brings four claims against Defendant Parler, LLC, alleging: (1) trademark infringement under 15 U.S.C. § 1141(1); (2) false association under 15 U.S.C. § 1125(a)(1)(A); (3) common law trademark infringement; and (4) common law unfair competition. ECF No. 2 at 6-8. 46 Labs filed its complaint on May 26, 2021. ECF No. 2. Parler moved to dismiss under Fed. R. Civ. P. 12(b)(6) on Aug. 30, 2021. ECF No. 13. Plaintiff responded on Sep. 13, 2021. ECF No. 18. Defendant replied on Sep. 20, 2021. ECF No. 19. After consideration of the moving papers and relevant law, I grant Defendant Parler's Motion to Dismiss for the reasons stated below.

**I.　　Relevant Background Information**

　　　　*i.　　Plaintiff 46 Labs and the Peeredge Mark*

　　　　46 Labs is an Oklahoma LLC involved in communication infrastructure and related services. ECF No. 2 at ¶¶2, 6. One of the services 46 Labs offers is a user interface called "Peeredge." ECF No. 2 at 3. The logo 46 Labs has used for Peeredge since 2015 is a stylized 'P', which remains in sight of customers while they log into and use the service. *Id.* at 3-4.

As set forth in the Complaint, 46 Labs owns a trademark registered with the U.S. Patent and Trademark Office for the that stylized 'P,' Reg. No. 4,790,688. ECF No. 2 at ¶9. It was registered on Aug. 11, 2015. *Id.* The mark "consists of a stylized letter 'P' composed of a semicircle with and [sic] extended straight line forming the body of the 'P' and a curved line that starts in the semicircle and extends downward to form the leg of the 'P'." *Id.* The mark is registered as a service mark for "cloud computing featuring software for use in the management of telecommunications including switching, management of call data, telecommunications systems and telecommunications business functions..." *Id.*

        ii.     *Defendant Parler and the Parler Logo*

Parler is a Nevada LLC that operates a social media platform. ECF No. 2 at ¶3. Parler launched its platform in August of 2018. *Id.* at ¶11. In connection with the Parler platform, Parler utilizes a red stylized 'P,' which users frequently see while using the platform. *Id.* at ¶12. Plaintiff alleges, and Parler does not dispute, that the Parler 'P' mark looks nearly identical to the Peeredge 'P' mark in every respect except for their respective colors (red for Parler and blue for Peeredge). ECF No. 2 at 4.

        iii.    *Trademark Infringement Claims*

46 Labs argues that Parler has "intentionally used the Infringing Mark in connection with its" business without 46 Labs' consent. ECF No. 2 at 5-6. Plaintiff alleges that Parler's use of the infringing mark "has caused actual confusion among 46 Lab's [sic] customers." *Id.* at 5. 46 Labs claims it "has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill associated with its Peeredge Mark." *Id.* 46 Labs brings trademark infringement claims under the Lanham Act and at common law. *Id.* at 6-7.

Parler contends that its use of the similarly stylized 'P' does not rise to the level of infringement because Parler's use does not reasonably confuse Plaintiff's customers. *See generally*

ECF No. 13. Parler argues that this case must be dismissed for two reasons: first, because Parler's social networking platform is unrelated to the Peeredge service, and second, because the two companies' services are not competitive with each other so reasonable consumers are unlikely to be confused. *Id.*

        iv.    *False Association & Unfair Competition Claims*

46 Labs also complains of Parler's false association under the Lanham Act and Parler's unfair competition at common law. ECF No. 2 at 6-8. In both counts, Plaintiff argues that Parler's infringing mark is likely to confuse or deceive 46 Labs' customers. *Id.* Plaintiff claims that it has suffered diversion of trade, loss of profits and goodwill, and damage to its reputation. *Id.*

Parler avers that 46 Labs has failed to plead these allegations with any specificity. ECF No. 13 at 8-9. It notes that, in lieu of actual confusion demonstrated by 46 Labs, the non-infringement causes of action turn on the same standard as the infringement causes of action: likelihood of confusion to reasonable customers. *Id.* at 10-11.

Essentially, in moving to dismiss all four of 46 Labs' causes of action, Parler relies upon the argument that "trademark infringement allegations that fail to plausibly allege probable consumer confusion should be dismissed at the pleading stage." *Id.* at 11. It contends that 46 Labs' failure to allege that its services are like those provided by Parler and 46 Labs' failure to allege facts that plausibly show probable consumer confusion are both fatal to 46 Labs' case. *Id.*

**II.**    **Discussion**

        i.    *Jurisdiction and Venue*

This Court's jurisdiction over the matter is proper based on federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff's causes of action are appropriately pled in federal law, specifically the Lanham Act. Thus, the federal element of those claims appears on the face of Plaintiff's complaint, are substantial components of 46 Labs' claims, and are of significant federal interest.

Furthermore, some of Plaintiff's claims relate to trademark infringement. As a result, this Court may exercise subject matter jurisdiction over those claims. *See* 28 U.S.C. § 1338(a) ("[T]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…trademarks."). Additionally, this Court may exercise jurisdiction over 46 Labs' unfair competition claim as it is joined with the trademark infringement claims. *See* 28 U.S.C. § 1338(b) ("[T]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the…trademark laws.").

Finally, this Court may also exercise supplemental jurisdiction over 46 Labs' state law claims on the basis that those state law claims are related to the federal trademark infringement claims. *See* 28 U.S.C. § 1367.

        ii.       *Legal Standard for Motions to Dismiss*

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Fed. R. Civ. P. 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

    iii. *Federal Law Trademark Infringement Claim*

Under the Lanham Act, "[t]o prevail on a claim of trademark infringement … a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automaton, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (simplified). The "*sine qua non* of trademark infringement is consumer confusion." *Id.* at 1142. "The test for likelihood of confusion is whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Multi Time Mach., Inc. v. Amazon.com Inc.*, 804 F.3d 930, 935 (9th Cir. 2015). A reasonably prudent consumer is one who "exercise[s] ordinary caution," and that caution presumably increases where a buyer exercises "care and precision in their purchases, such as for expensive or sophisticated items." *Id.* at 937. The "default degree of consumer care is becoming more heightened as the novelty of the Internet evaporates and online commerce becomes commonplace." *Id.* The confusion must be a probability, not simply a possibility. *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996).

In determining the likelihood of confusion at the motion to dismiss stage, this Court must consider whether 46 Labs has stated a plausible case that consumers would be confused by Parler's use of a substantially similar stylized 'P' to 46 Labs' registered trademark. To answer this question, courts in this Ninth Circuit consider the following "*Sleekcraft*" factors:

> (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

*M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1080 (9th Cir. 2005) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003)). These factors are neither exhaustive nor dispositive; "it is the totality of facts in a given case that is dispositive." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)).

Before addressing the *Sleekcraft* factors, however, this Court must define the relevant consumer market because "a court conducting a trademark analysis should focus its attention on the relevant consuming public." *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1214 (9th Cir. 2012).

46 Labs has not sufficiently pled that Parler's use of the stylized 'P' is likely to cause consumer confusion rising to the level of trademark infringement, and for that reason, claim one of the complaint must be dismissed. Critically, Plaintiff has not pled facts that, even if accepted as true, allow this Court to determine that 46 Labs and Parler compete with similar services. Trademark infringement occurs when an infringer uses a substantially identical mark for similar goods. *Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1454 (9th Cir. 1991). 46 Labs provides no evidence that Parler competes within the same

industry, or provides similar goods or services, as 46 Labs' Peeredge service. "Goods and services are related when they are complementary, sold to the same class of purchasers, or similar in use and function." *Ironhawk Technologies, Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1163 (9th Cir. 2021) (citing *Sleekcraft*, 599 F.2d at 350). "Related goods (or services) are those 'which would be reasonably thought by the buying public to come from the same source if sold under the same mark.'" *Rearden*, 683 F.3d at 1212 (quoting *Sleekcraft*, 599 F.2d at 348 n.10).

46 Labs describes itself as a "leader in communication infrastructure and services since 2012, and a leading provider of communications infrastructure and services throughout the United States." ECF No. 2 at 3. Its Peeredge service is essentially a telephony platform. *Id.*; *see also* ECF No. 13 at 2. Parler, by contrast, is a social media platform that promotes itself as an alternative to larger social media sites like Facebook or Twitter. ECF No. 2 at ¶11. Plaintiff fails to link the services provided by its own Peeredge platform to the services provided by Parler. There are no allegations in 46 Labs' complaint that the same group of purchasers use both Peeredge and Parler, nor that Peeredge and Parler are similar in use or function, nor that the buying public would reasonably think that goods or services provided by Parler come instead from 46 Labs. Plaintiff's allegation that "customers of 46 Labs contacted 46 Labs based on their confusion that 46 Labs was responsible for or affiliated with Parler" is an unsupported assertion of an element of trademark infringement. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

46 Labs also contends in its response that "both parties provide communication services to the general consumer, which enable consumers to communicate through means such as phone calls or published posts." ECF No. 18 at 5. However, this argument is overly expansive in its use of relatedness. While both companies provide *a type* of communication services, they do not provide similar services: one is a telephone services company and the other is an internet,

7

social media platform. Specifically, Peeredge is an infrastructure system that allows companies to place phone calls. Parler, by contrast, is a social media site/platform wherein users may communicate with other users. Peeredge and Parler have very different users. ECF No. 13 at 7. Peeredge serves businesses with a need for sophisticated telecommunications infrastructure. *Id.* Parler serves the general audience of social media consumers; that is, the general public. *Id.* Parler's platform is free-of-cost, while Peeredge is a paid service. *Id.* The services are also marketed very differently; Parler is available on phone and computer app stores, while Peeredge is available only to 46 Labs' clients. ECF No. 13 at 7. Plaintiff cites to cases from other circuits regarding the availability of phone calls on Facebook, a different social media platform than Parler, yet does not allege that Parler (the actual Defendant in this action) is a platform on which users may place phone calls. *See* ECF No. 18 at 5, n.3.

      46 Labs simply cannot allege that users have a plausible likelihood of confusion. Plaintiff's attempt to throw both technology companies into a general "communications" bucket are unpersuasive. ECF No. 18. The difference between the services offered by the parties, uncontroverted by Plaintiff's allegations, is the difference between an individual freely posting on social media compared to a corporate entity purchasing an expensive telecommunications interface. ECF No. 13 at 7.

      Ultimately, 46 Labs has not alleged facts from which the Court can infer that it is plausible that the services offered by Parler are like the goods and services offered by 46 Labs or Peeredge. For that reason, I do not need to address the *Sleekcraft* factors – the inquiry ceases with 46 Labs' lack of factual allegations regarding the comparability of its services to those of Parler.

      Based on 46 Labs' lack of allegations that, even if accepted as true, would demonstrate that Parler's use of the similarly stylized 'P' would likely cause consumer confusion, 46 Labs has

not demonstrated a plausible case for trademark infringement. The first count of Plaintiff's complaint must be dismissed without prejudice, with leave to amend.

            iv.      *Federal Law False Association Claim*

46 Labs false association claim is not sufficiently pled that Parler's use of the stylized 'P' is likely to cause consumer confusion rising to the level of false association. Consequently, the second cause of action must be dismissed. The Lanham Act covers false association of registered trademarks. *See generally* 15 U.S.C. § 1125(a)(1)(A). Just like infringement claims, a plaintiff must demonstrate that the defendant's usage of the mark "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). For the reasons described in the trademark infringement section regarding the lack of likelihood of confusion to consumers, *supra* p. 5-8, this claim of false association cannot survive Parler's motion to dismiss. 46 Labs has not alleged with sufficient specificity that Peeredge and Parler's services are similar enough to potentially cause consumer confusion, nor has 46 Labs alleged that Parler's use of the stylized 'P' is likely to cause consumer confusion. Accordingly, Defendant's motion to dismiss the second cause of action is granted without prejudice, with leave to amend.

            v.      *Common Law Trademark Infringement & Unfair Competition Claims*

46 Labs' third and fourth cause of actions suffer the same defect as the first two: Plaintiff has not sufficiently pled that Parler's use of the stylized 'P' causes unfair competition at common law.

Nevada has adopted the same likelihood of confusion test used by the federal courts; the same "two elements [dispositive of federal trademark infringement actions] are also the dispositive issues with regard to state and common law infringement claims, a claim under 15

U.S.C. § 1125(a), and unfair competition under Nevada law." *WEC Holdings, Inc. LLC v. Juarez*, 2008 WL 345792, at *3 (D. Nev. Feb. 5, 2008) (citing *M2 Software*, 421 F.3d at 1080); *see also New West Corp. v. NYM Co.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition, or false designation of origin, the test is identical – is there a 'likelihood of confusion?'"); *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1193 (D. Nev. 2003) ("The elements necessary to make out a claim of Nevada common law trademark infringement are identical to the elements necessary under section 43(a) of the Lanham Act...[t]he Court will thus analyze these claims together.").

For the reasons set forth above regarding the allegations of trademark infringement section, *supra* p. 5-8, 46 Labs' common law claims cannot survive Parler's motion to dismiss. 46 Labs has not alleged with sufficient specificity that Peeredge and Parler's services are similar enough to potentially cause consumer confusion, nor has 46 Labs alleged that Parler's use of the stylized 'P' is likely to cause consumer confusion. The third and fourth causes of action are therefore dismissed without prejudice with leave to amend.

### III. Conclusion

For the foregoing reasons, this Court GRANTS Defendant Parler's Motion to Dismiss (ECF No. 13).

Plaintiff 46 Labs is granted leave to amend their complaint to allege factual specificity that cures the deficiencies of their pleading.

IT IS SO ORDERED.

DATED this July 27, 2022.

_____
Cristina D. Silva
United States District Judge