UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| 46 Labs, LLC | Case No. 2:21-cv-01006-CDS-DJA |
| Plaintiff | **Order Granting Defendant's Motion to Dismiss** |
| v. | |
| Parler LLC, | [ECF No. 40] |
| Defendant | |

Plaintiff 46 Labs, LLC sues defendant Parler LLC for alleged trademark infringement based on the similarity between Parler's "P"-shaped logo and the "P"-shaped logo 46 Labs uses for its Peeredge user interface. I previously granted Parler's motion to dismiss the original complaint because I found that 46 Labs insufficiently pled consumer confusion; namely, that 46 Labs failed to allege that the two companies competed in the same realm of services. 46 Labs has since amended its complaint twice in an attempt to cure that deficiency, and now Parler moves to dismiss the second-amended complaint. Because 46 Labs' claims rely on conclusory allegations about the likelihood of confusion and the relatedness of the parties' services, I again grant Parler's motion to dismiss.

I.   Background

46 Labs is an Oklahoma LLC involved in communication infrastructure and related services. Second Am. Compl., ECF No. 38 at ¶¶ 2, 6. It offers a user interface to its customers called "Peeredge," which uses a stylized "P" as its logo. *Id.* at ¶ 7–8. It uses the logo to market its services and obtained a trademark over it in 2015. *Id.* at ¶¶ 9–10. The mark is registered as a service mark "for[] cloud computing featuring software for use in the management of telecommunications including switching, management of call data, telecommunications systems[,] and telecommunications business functions." Trademark Registration, ECF No. 38 at 13.

Parler is a Nevada LLC that operates a social media platform and bills itself as an alternative to Twitter and Facebook. ECF No. 38 at ¶ 11. In connection with its platform, it uses a stylized "P" as its logo, which is nearly identical to the Peeredge "P" in every respect but for their colors (Peeredge's logo is blue, while Parler's is red). *Id.* at ¶¶ 12–18. 46 Labs now brings claims of trademark infringement, false association, and unfair competition against Parler for its allegedly infringing use of its mark. *Id.* at ¶¶ 38–57.

## II. Legal standards

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. Discussion

    A. *I grant Parler's motion to dismiss the federal trademark infringement claim.*

My analysis is largely the same as it was the first time: 46 Labs owns a valid and protectable mark but fails to sufficiently allege a likelihood of consumer confusion because its services are so distinct from Parler's. "The core element of trademark infringement is the likelihood of confusion, *i.e.*, whether the similarity of the marks is likely to confuse customers about the source of the products." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993) (internal quotation marks and citation omitted). Courts look to the following factors for guidance in determining the likelihood of confusion: similarity of the conflicting designations, relatedness or proximity of the two companies' products or services, strength of the plaintiff's mark, marketing channels used, degree of care likely to be exercised by purchasers in selecting goods, the defendant's intent in selecting its mark, evidence of actual confusion, and likelihood of expansion in product lines. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1053–54 (9th Cir. 1999) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)). "[S]ome factors—such as the similarity of the marks and whether the two companies are direct competitors—will always be important," but the "relative importance of each individual factor will be case-specific." *Id.*

The "P"-shaped logos used by the two companies are nearly identical; they use different primary colors and 46 Labs' "P" is slightly more rounded at its edges, but otherwise, they are similar. ECF No. 38 at ¶ 18. But beyond the marks' similarity, 46 Labs insufficiently pleads consumer confusion.

First, 46 Labs' assertions about actual consumer confusion are conclusory and thus must be disregarded at this stage. *See Twombly*, 550 U.S. at 555 (legal conclusions couched as factual

allegations are insufficient to survive a motion to dismiss). 46 Labs states that "[o]n information and belief, Parler's use of the Infringing Mark has caused confusion among customers of 46 Labs and is likely to cause additional confusion in the future." ECF No. 38 at ¶ 20, 42. But it does not plead any specific facts demonstrating such confusion; it asserts the legal conclusion without anything in support of it to push those assertions from possible to plausible. *See Iqbal*, 556 U.S. at 678 (threadbare recitals of the elements of a cause of action supported by mere conclusory statements are insufficient to survive a motion to dismiss).

Second, 46 Labs cannot support its assertion that the services that it provides are related to Parler's services. 46 Labs is correct that services need not be direct competitors to demonstrate relation. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1212 (9th Cir. 2012). But there must be some possibility for consumers to think that they are getting related goods from the two entities. While 46 Labs argues that Parler's social networking platform and its own communication infrastructure services are closely related, I find that implausible based on the nature of the two services as well as the characteristics of the consumers for those services. Peeredge is a communications infrastructure and telephony service that is offered specifically to 46 Labs' customers. ECF No. 38 at ¶ 7. Its customers see the Peeredge "P" on their log-in page and during their use of the Peeredge user interface. *Id.* Its customers are not going to be the ordinary people who constitute the userbase of a social media platform such as Parler, but rather, businesses and companies seeking to utilize a complex telephony service. Meanwhile, Parler's customers will similarly never arrive at Peeredge's user interface without having already purchased some service from 46 Labs. And 46 Labs does not assert that any of its purchasers are Parler users, or vice versa, such that the two groups necessarily overlap.

Because 46 Labs does not plead such specific consumer overlap, it argues that some *other* companies' social media presences are related to their telecommunications services. ECF No. 38 at ¶¶ 29–37. It argues that Facebook, Microsoft, Oracle, Snapchat, and Instagram offer both social networking and telecommunications services, so consumers are likely to think that

4

companies are capable of doing both. *Id.* While 46 Labs asserts that it has demonstrated relatedness by "linking [its] services to the services provided by [Parler]," ECF No. 41 at 8, its link rests on the assumption that because *other* companies have related telecommunications and social networking services, consumers will think that Peeredge and Parler are related services.

But 46 Labs does not assert that it operates its own social media service or that Parler operates a telecommunications service.[1] Their respective services are thus distinct. They are also marketed differently; Parler is available to the general public on app stores while 46 Labs offers Peeredge to its own customers. 46 Labs' reliance on a single line from *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1267 (Fed. Cir. 2002) is similarly unavailing. *Hewlett-Packard* concerns a plaintiff's opposition to a defendant's application to register a trademark and is thus distinguishable from a case wherein a valid mark has already been approved and the plaintiff brings a case for infringement. 281 F.3d at 1263. The United States Patent and Trademark Office's inquiry in ruling on a trademark application challenge arises under separate federal law from the Lanham Act. *Compare* 15 U.S.C. § 1052(d) (basis for a trademark challenge due to relatedness) *with* 15 U.S.C. § 1114 (basis for infringement suit). I thus decline to consider *Hewlett-Packard* in the infringement context.

Finally, 46 Labs' argument is improperly predicated on Parler's announced—but not active—expansion of its services. Without more, the Court is left to speculate on how 46 Labs and Parler's service are similar, if at all. On the other hand, the Peeredge mark was granted specifically for "cloud computing featuring software for use in the management of telecommunications including switching, management of call data, telecommunications systems[,] and telecommunications business functions." ECF No. 38 at 13. This description of the Peeredge service demonstrates qualitative differences from Parler's social media service. The

---

[1] 46 Labs does argue that Parler announced an expansion into cloud infrastructure and network services in September 2022. ECF No. 38 at ¶ 27. But Parler has not done so yet, nor do cloud infrastructure or network services seem to be related to a telecommunication user interface and 46 Labs fails to plead or argue relatedness between those services.

users of the Peeredge service are different from Parler's users. Consequently, I find that 46 Labs has insufficiently pled relatedness of services such that it cannot support a claim that any consumers would likely be confused by the companies' usages of the two "P"-shaped logos. And without consumer confusion, the *sine qua non* of trademark infringement, a claim for trademark infringement may not lie. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1142 (9th Cir. 2011). I thus grant Parler's motion to dismiss the federal trademark claim.

### B. *I grant Parler's motion to dismiss each of the three remaining claims.*

In addition to 46 Labs' trademark infringement claim brought under federal law, it also brings claims for false association under the Lanham Act, state-law trademark infringement, and state-law unfair competition. As both parties agree, the likelihood of consumer confusion is the dispositive factor for each of 46 Labs' claims. ECF Nos. 40 at 10–11 (defendant), 41 at 6 n.2 (plaintiff).

The Lanham Act requires a plaintiff seeking to recover under false association to demonstrate that the defendant's usage of the mark "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). Having found no likelihood of consumer confusion in my trademark-infringement analysis, I also must dismiss 46 Labs' claim of false association.

Finally, the same "two elements [dispositive of federal trademark infringement actions] are also the dispositive issues with regard to state and common law infringement claims . . . and unfair competition under Nevada law. *WEC Holdings, Inc. v. Juarez*, 2008 WL 345792, at *3 (D. Nev. Feb. 5, 2008) (citation omitted); *New W. Corp. v. NYM Co.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition, or false designation of origin, the test is identical—is there a 'likelihood of confusion?'"). With no likelihood of consumer confusion, I too must dismiss 46 Labs' state-law claims of infringement and unfair competition.

## IV. Conclusion

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 40]** is **GRANTED** and the plaintiffs' four claims are dismissed without prejudice. I give the plaintiff 21 days from the entry of this order to amend its complaint to allege specific facts that cure the deficiencies of its complaint.

DATED: August 10, 2023

_____
Cristina D. Silva
United States District Judge